# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 18-cv-2849

| | |
|---|---|
| Scott E. Olafson,<br><br>      Plaintiff,<br>v.<br><br>American Honda Finance Corporation d/b/a Honda Financial Services and Repossessors, Inc.,<br><br>      Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant American Honda Finance Corporation d/b/a Honda Financial Services' (hereinafter "Defendant AHFC") and Defendant Repossessors, Inc.'s (hereinafter "Defendant RI") (collectively hereinafter "Defendants") violations of 15 U.S.C. § 1692 *et seq.*—The Fair Debt Collection Practices Act ("FDCPA"); Minn. Stat. § 336.9-609; and Minnesota common law.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692 *et seq.,* 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct substantial business in this District.

1

## PARTIES

4.  Plaintiff is a natural person who resides in Forest Lake, Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant AHFC is finance company organized under the laws of California, with its principal office in Torrance, California. Defendant AHFC regularly conducts business in the state of Minnesota.

6.  Defendant RI is a repossession company that is organized under the laws of the state of Minnesota; is licensed to do business and regularly conducts business within said State; and has a principal place of business located at 10939 89th Avenue N, Maple Gove, Minnesota 55369. Defendant RI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692(f)(6).

## PURPOSE OF THE FDCPA

7.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of privacy.

8.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

9. A debt collector who violates 15 U.S.C. § 1692f(6) is strictly liable. *See, e.g., Zortman v. J.C. Christensen & Assocs., Inc.,* 819 F.Supp.2d 874, 897 (D. Minn. 2011).

## FACTUAL ALLEGATIONS

### Inception of the Loan and Payment History

10. In 2014, Plaintiff and non-party Lynn Olafson (hereinafter "Ms. Olafson") went to Buerkle Honda Hyundai, located at 3350 Highway 61, White Bear Lake, Minnesota 55110, to purchase a 2013 Honda Civic (hereinafter "Vehicle").

11. Then, Plaintiff and Ms. Olafson entered into a Retail Installment Sale Contract (hereinafter "RISC") with Defendant AHFC, acting as creditor.

12. Pursuant to the terms of the RISC, Plaintiff and Ms. Olafson were to repay Defendant AHFC the amount financed through regular, monthly installments of $364.68.

13. The Vehicle was obtained for personal, family, and household purposes.

14. The amount financed to purchase the Vehicle is, therefore, a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Because Plaintiff incurred the debt for personal and family purposes and purchased the Vehicle for such purposes, the entire transaction was a "consumer goods transaction" as defined by Minn. Stat. § 336.9-102(a)(24).

16. According to the terms and conditions of the RISC, Defendant AHFC was granted a security interest in the Vehicle to secure repayment.

17. Plaintiff made numerous late, partial, and irregular payments to Defendant AHFC over the course of the loan.

18. On April 17, 2017, Plaintiff made a payment to Defendant AHFC in the amount of $364.68.

19. Plaintiff failed to make a payment to Defendant AHFC on May 15, 2017.

20. On June 15, 2017, Plaintiff made a payment to Defendant AHFC in the amount of $364.68.

21. On July 15, 2017, Plaintiff made a payment to Defendant AHFC in the amount of $364.68.

22. Plaintiff failed to make a payment to Defendant AHFC on August 15, 2017.

23. Plaintiff failed to make a payment to Defendant AHFC on September 15, 2017.

24. On October 9, 2017, Ms. Olafson made a payment to Defendant AHFC in the amount of $364.68.

25. Defendant AHFC always accepted the late, partial, and irregular payments without consequence.

26. In Minnesota, when the secured party has repeatedly accepted late and partial payments, the secured party is required to give notice that strict compliance with the RISC's terms will be required, referred to as a *Cobb* notice, before the creditor can lawfully repossess the collateral. Else, the repossession is wrongful as a matter of law. *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980); *Buzzell v. Citizens Auto. Fin., Inc.,* 802 F.Supp.2d 1014, 1024 (D. Minn. 2011).

27. Defendant AHFC never provided Plaintiff with any such notice.

**Unlawful Repossession of Plaintiff's Vehicle**

28. Sometime thereafter, Defendant AHFC hired Defendant RI to acquire the Vehicle through self-help repossession.

29. On, October 30, 2017, at approximately 6:30 a.m., Defendant RI, acting on behalf of Defendant AHFC, self-help repossessed the Vehicle.

30. Defendant AHFC failed to provide Plaintiff with the requisite *Cobb* notice evincing its intent to deviate from its prior practice of accepting late and partial payments, and, instead, to begin requiring strict compliance with the terms and conditions of the RISC, and, thus, Defendants' repossession of the Vehicle on October 30, 2017, was wrongful as a matter of law.

31. As a result of Defendants' actions, Plaintiff was forced to find an alternate form of transportation both to and from his place of employment, approximately 20 miles from his residence. This caused Plaintiff great frustration, stress, and anxiety.

32. Moreover, as a result of Defendants' actions, Plaintiff was forced to find an alternate form of transportation to transport his daughter. This caused Plaintiff great frustration, stress, and anxiety.

## TRIAL BY JURY

33. Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT— 15 U.S.C. § 1692f(6) - AGAINST DEFENDANT RI

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. 15 U.S.C. § 1692f(6) prohibits debt collectors from enforcing a security interest in collateral absent a present right to possession.

36. On October 30, 2017, Defendant RI repossessed Plaintiff's Vehicle without a present right to possession, in violation of 15 U.S.C. § 1692f(6).

37. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendant RI actual damages, including mental and emotional distress, statutory damages of $1,000.00, costs, and reasonable attorneys' fees.

### COUNT II.

### WRONGFUL REPOSSESSION—MINN. STAT. § 336.9-609 – AGAINST ALL DEFENDANTS

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. On October 30, 2017, Defendants self-help repossessed Plaintiff's Vehicle without a present right to possession of the collateral and in breach of the peace, in violation Minn. Stat. § 336.9-609.

40. Plaintiff is thereby entitled to recover from each of the Defendants his actual damages caused by Defendants' violations of Minn. Stat. § 336.9-609, pursuant to Minn. Stat. § 336.9-625.

## COUNT III.

### TREASPASS TO CHATTLES
### AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants intentionally interfered with Plaintiff's possession, use, and enjoyment of his vehicle, without a claim of right.

43. Plaintiff suffered an absolute deprivation of his vehicle on October 30, 2017, to present.

44. Plaintiff is entitled to recovery from each of the Defendants for his resulting damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

- Awarding Plaintiff actual and statutory damages against Defendant RI for its violations of the FDCPA, pursuant to 15 U.S.C. § 1692k;
- Awarding Plaintiff reasonable attorneys' fees and costs against Defendant RI for its violations of the FDCPA, pursuant to 15 U.S.C. § 1692k;
- Awarding Plaintiff actual and statutory damages against Defendants, pursuant to Minn. Stat. § 336.9-625;
- Awarding Plaintiff damages caused by Defendants' trespass to Plaintiff's vehicle; and
- Such other and further relief as the Court may deem just and proper.

Dated this 4th day of October of 2018.

        By: s/Thomas J. Lyons Jr.

        Thomas J. Lyons, Jr., Esq.
        Attorney I.D. #:  0249646
        Katelyn R. Cartier, Esq.
        Attorney I.D. #: 0398935
        **CONSUMER JUSTICE CENTER, P.A.**
        367 Commerce Court
        Vadnais Heights, MN 55127
        Telephone:  (651) 770-9707
        Facsimile:  (651) 704-0907
        Emails: tommy@consumerjusticecenter.com
        kcartier@consumerjusticecenter.com

        ***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF RAMSEY          )

I, Scott Olafson, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Scott Olafson_____
                                            Scott Olafson

Subscribed and sworn to before me
this 18th day of September of 2018.


s/Andrea L. Weber_____
Notary Public